UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

CANDY BROWN,

    Plaintiff,

vs.

ONEMAIN FINANCIAL GROUP, LLC,

    Defendant.

**Case No.:**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. TCPA, 47 U.S.C. § 227

2. INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

**(Unlawful Debt Collection Practices)**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Candy Brown (Plaintiff), through her attorneys, alleges the following against Defendant, One Main Financial Group, LLC, (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Invasion of Privacy by Intrusion Upon Seclusion.

## JURISDICTION AND VENUE

3. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

4. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Defendant transacts business here, therefore, personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in Ford City, Pennsylvania, County of Armstrong.

8. Defendant is a company with its corporate offices located at 300 St. Paul Place, Baltimore, MD 21202 and can be served at 351 West Camden Street, Baltimore, MD 21201-7912.

## FACTUAL ALLEGATIONS

9. Defendant was attempting to collect an alleged debt from Plaintiff.

10. In or around October 2016, Defendant began placing calls to Plaintiff's cellular phone number (725) 954-4008, in an attempt to collect an alleged debt.

11. The calls mainly originated from (888) 921-2342, (888) 921-2340 and (888) 849-7632. Upon information and belief, these numbers are owned or operated by Defendant.

12. On or about November 21, 2016, at 9:40 a.m., Plaintiff answered a call from Defendant originating from (888) 921-2342; there was a brief pause prior to Plaintiff speaking with a representative.

13. Defendant informed Plaintiff that it was attempting to collect a debt.

14. During that call, Plaintiff asked for calls to her cell phone to cease. Despite her request, Plaintiff continued to receive calls on her cellular phone from Defendant.

15. On or around November 23, 2016, at 10:58 a.m., Plaintiff answered a second call from Defendant originating from (888) 921-2342; there was a brief pause prior to Plaintiff speaking with a representative.

16. Defendant informed Plaintiff that it was attempting to collect a debt.

17. During that call, Plaintiff revoked consent to be contacted on her cell phone for a second time. Despite her request, Plaintiff continued to receive calls on her cellular phone.

18. Defendant called Plaintiff up to five (5) times per day.

19. On November 23, 2016, Defendant called Plaintiff on her cellular at 10:49 a.m., 10:57 a.m., 12:27 p.m., 3:19 p.m. and 6:17 p.m.

20. Plaintiff received approximately fifty (50) calls during the month of December 2016. Most of those days, Plaintiff received multiple phone calls from Defendant.

21. In or around January 23, 2017, at 6:51 p.m., Plaintiff answered a call from Defendant originating from (888) 921-2342.

22. Defendant informed Plaintiff that it was attempting to collect a debt. During that call, Plaintiff revoked consent to be contacted for a third time.

23. Between January 1, 2017 and January 30, 2017, Plaintiff was called approximately forty-five (45) times after having unequivocally revoked consent to be contacted on her cellular phone.

24. In addition to the telephone calls, Plaintiff received approximately twenty (20) pre-recorded messages to her phone.

25. In total, between November 22, 2016 and February 2, 2017, Defendant willfully called Plaintiff approximately one-hundred and fifteen (115) times.

26. This conduct was not only willful, but was done with the intention of causing Plaintiff stress.

27. Plaintiff has endured increasingly high levels of stress.

28. Plaintiff works as a caregiver to mentally impaired individuals who require constant care and supervision at all times. The phone calls have affected Plaintiff's work by disrupting and distracting her ability to focus on her work duties.

29. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

### COUNT I
1. **<u>(Violations of the TCPA, 47 U.S.C. § 227)</u>**

30. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's

cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

31. Defendant's acts, as described above, were done willfully in violation of the TCPA.

32. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C). .

33. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to a maximum of treble damages pursuant to the TCPA, 47 U.S.C. § 227(d)(3).

## COUNT I
## INTRUSION UPON SECLUSION

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Restatement of the Law, Second, Torts, 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his privates affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

36. The number and frequency of the telephone calls to Plaintiff by Defendant after several requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Candy Brown, respectfully requests judgment be entered against Defendant, One Main Financial Group, LLC, for the following:

A. Actual damages;

B. Declaratory judgment that Defendant violated the TCPA;

C. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

D. Treble damages pursuant to 47 U.S.C. § 227(d)(3);

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

F. Any other relief that this Honorable Court deems appropriate.

Dated: May 16, 2017

RESPECTFULLY SUBMITTED,

By: */s/ Steven A. Alpert*
Steven A. Alpert, Esq.
Bar No. 92296
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
T: (818) 205-2466
alpert@pricelawgroup.com
*Attorneys for Plaintiff,*
*Candy Brown*